Before the Third Division, February 2, 1956

**No. 59709.**—Lep Transport, Inc. *v.* United States, protest 260759–K (New York).

Opinion by Johnson, J. Since plaintiff failed to introduce evidence of compliance with the regulations covering free entry of American merchandise, which compliance is mandatory, the protest was overruled. (*Maple Leaf Petroleum, Ltd. v. United States*, 25 C. C. P. A. 5, T. D. 48976, followed.)

**No. 59710.**—L. Barbier *v.* United States, protest 255988–K (New York).

Opinion by Johnson, J. Following *Sucrest Corporation* v. *United States* (31 C. C. P. A. 220, C. A. D. 275), it was held that payment of duties is a condition precedent to file a protest. An examination of the record showed that the protest was filed more than 60 days after liquidation. For the reasons stated, the motion to dismiss was granted.

**No. 59711.**—F. B. Wilcon Company *v.* United States, protest 266188–K (Boston).

Opinion by Johnson, J. In accordance with rule 5 (b) of the rules of this court, as amended May 25, 1955, effective July 1, 1955, the protest was dismissed for lack of prosecution.

**No. 59712.**—Pistorino & Company, Inc. *v.* United States, protest 272600–K (Boston).

Opinion by Johnson, J. In accordance with rule 5 (b) of the rules of this court, as amended May 25, 1955, effective July 1, 1955, the protest was dismissed for lack of prosecution.

**No. 59713.**—Kollners, Inc., and Hudson Shipping Co., Inc. *v.* United States, protests 205824–K, etc. (New York).

Opinion by Donlon, J. In accordance with stipulation of counsel that the merchandise consists of beef or veal similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiffs was sustained.